Before the Second Division, January 19, 1960

No. 63712.—J. E. Bernard & Co., Inc. *v.* United States, protest 58/11858–10002 (Chicago).

Lawrence, Judge: Certain imported brass sieves were classified by the collector of customs as laboratory instruments in paragraph 360 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 360), as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and duty was imposed thereon at the rate of 27 per centum ad valorem.

Plaintiff claims that the articles should have been classified in paragraph 397 of said act (19 U.S.C. § 1001, par. 397), as modified, *supra*, as articles, partly or wholly manufactured, composed wholly or in chief value of brass, and properly dutiable at the rate of 20 per centum ad valorem.

The competing text of the statutes involved is here set forth:

Paragraph 360, as modified, *supra*:

Scientific and laboratory instruments, apparatus, utensils, appliances (including mathematical instruments but not including surveying instruments), and parts thereof, wholly or in chief value of metal, and not plated with gold, silver, or platinum, finished or unfinished, not specially provided for:
  Slide rules * * *
  Other * * *_____ 27% ad val.

Paragraph 397, as modified, *supra*:

Articles or wares not specially provided for, whether partly or wholly manufactured:

  *       *       *       *       *       *       *

  Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:

  *       *       *       *       *       *       *

    Not wholly or in chief value of tin or tin plate:
      Carriages, drays * * *

  *       *       *       *       *       *       *

> Other, composed wholly or in chief value of iron, steel, brass, bronze, zinc, or aluminum * * *_____ 20% ad val.

It was agreed by the parties hereto that the sieves in issue are composed wholly or in chief value of brass, not colored with gold lacquer.

As to the sieves described on the commercial invoice accompanying the entry covered by the protest herein as "No. 4 mesh, 12″ diam.," it was stipulated and agreed that said articles "would now be advisorily classified at 20% ad valorem, under paragraph 397." In accordance with said stipulation, we sustain the claim of plaintiff for classification of the 12-inch diameter sieves as articles not specially provided for, composed wholly or in chief value of brass, in paragraph 397 of the tariff act, as modified, *supra*, for which duty at the rate of 20 per centum ad valorem is provided.

The plaintiff proceeded to present evidence to support its claim for similar classification for the remaining types of sieves covered by the protest.

The only witness in the case was Gordon E. Stanley who was called by plaintiff. The substance of his testimony was that for 3 years he had been in charge of purchasing various articles of merchandise for Soiltest, Inc., the actual importer herein. The witness was familiar with the sieves under consideration, represented by exhibit 1, described on the invoice as "Industrial Brass Sieves."

He described the use of test sieves by stacking five different mesh sizes, including the 8-inch sieve. Aggregate is poured into the top sieve, whereupon the whole stack of sieves is agitated permitting the aggregate to fall through, each sieve retaining a specific size sample. The purpose of this sifting process is to determine from the relative samples of aggregate whether the material being tested is desirable for use for concrete work or for asphalt work by highway departments. Sieve tests are usually made by engineers at the site of operations in order to avoid delays in obtaining results.

Stanley testified that 75 percent of the 8-inch sieves sold by his company are used in the field at job sites in the manner as above indicated. It was his testimony that they are not used primarily in laboratories, although it was admitted that some are so used. He stated that out of 100 sieves in stock, regardless of size, 75 percent of them would be used in the field.

Upon the record before us, we are of the opinion that plaintiff herein has failed in its twofold burden of proving not only that the classification made by the collector was erroneous but also of showing affirmatively that its own contention is correct. *United States* v. *Gardel Industries*, 33 C.C.P.A. (Customs) 118, C.A.D. 325.

The provision in paragraph 360, as modified, *supra*, for "laboratory instruments" implies "use" and clearly indicates that the term as employed in said paragraph is a so-called use provision.

The decision of the collector of customs in classifying the subject merchandise as laboratory instruments carries with it the presumption that he found all the facts necessary to make his decision, and it must be presumed that he found that the sieves in controversy were chiefly used in laboratories. *New York Merchandise Co., Inc.* v. *United States*, 27 C.C.P.A. (Customs) 117, C.A.D. 72.

"Chief use," of course, means chief use throughout the principal markets of the United States where such sieves are availed of. Granting *arguendo* that sieves of the type here under consideration are chiefly used by the importing company in the field or at the place of operation, that is not enough to meet the burden of proof cast upon the plaintiff herein. The record before us is silent as to the use of the commodity beyond that of the importing company in Illinois. It is established law that classification according to chief use depends upon use by users, as a whole, of the particular type of commodity involved and not upon actual individual use of the particular shipment in question. *United States* v.

*Spreckels Creameries, Inc.,* 17 C.C.P.A. (Customs) 400, T.D. 43835, and cases therein cited.

As to the industrial brass sieves in issue, other than the "No. 4 mesh, <u>12"</u> <u>diam.</u>," all claims in the protest are overruled.

Judgment will be entered in accordance with the view above expressed.